IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JASON CHAPMAN JOYNER, ) | |
| ) | Civil Action No. 2:12-00920-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Jason Chapman Joyner ("Plaintiff") filed an application for disability insurance benefits ("DIB") on February 25, 2009, under Title II of the Social Security Act. [Dkt. No. 7-2 at 13]. His application was initially denied on June 19, 2009, and again upon reconsideration on February 11, 2010, by the Acting Commissioner of Social Security ("Acting Commissioner"). *Id.* Plaintiff then had a hearing in front of an Administrative Law Judge ("ALJ") on July 16, 2010. *Id.* On August 5, 2010, the ALJ found that Plaintiff was not disabled. *Id.* at 21. On February 3, 2012, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Acting Commissioner's final decision for purposes of judicial review. *Id* at 1. Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act to obtain judicial review of a final decision of the Acting Commissioner, denying his claim for DIB.

This matter is before the court for review of the Report and Recommendation ("Report") filed by United States Magistrate Judge Bruce H. Hendricks, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C. In the Report, the Magistrate Judge recommends that the decision of the Acting Commissioner be reversed and remanded for further proceedings. [Dkt. No. 12]. The Acting Commissioner filed

1

objections to the Report. [Dkt. No. 14]. In conducting this review, the court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of the standard set forth in *Wallace*, the court has reviewed *de novo*, the Report, the objections, and the record. After careful review of these documents, the court accepts the recommendation to reverse and remand, but on distinct grounds from those set forth in the Report.

The court is required to uphold the factual findings of the ALJ as long as they are supported by substantial evidence and the correct legal standard is used. *See Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. Plaintiff alleges that the ALJ made two errors. First, Plaintiff alleges that the ALJ erred by not ascribing controlling weight to the opinions of his treating doctor, and second, by failing to properly assess his credibility. The Report recommended that both of these analyses be reopened on remand, but this court declines to accept the Report's recommendation regarding the alleged error in the ALJ's assessment of Plaintiff's credibility.

**A. Treating Physician**

The ALJ did not accord significant weight to the opinions of Dr. Bernardo, Plaintiff's treating physician, because he found that they were not based on objective evidence and were inconsistent with the opinions of other physicians. The Magistrate Judge's Report is correct that the ALJ's first reason is not supported by substantial evidence. The record indicates that while Dr. Bernardo recorded the subjective complaints of Plaintiff, he used objective evidence in his findings as well. This objective evidence included musculoskeletal examinations as well as the review of an MRI scan. [Dkt. No. 7-7 at 267].

It is not entirely clear how the ALJ arrives at the second conclusion that Dr. Bernardo's opinions are inconsistent with those of other physicians who examined Plaintiff. "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [Plaintiff's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). Conclusions that a patient is or is not able to work are not medical opinions. *See Craig v. Chater,* 76 F.3d 585, 590 (4th Cir. 1996). Here, while the opinions do depart in their final conclusions about Plaintiff's ability to work, their physical findings are remarkably similar. Without further explanation, this court cannot decide whether or not there was substantial evidence to support the ALJ's finding that Dr. Bernardo's opinion was contradicted by the opinions of other physicians.

The ALJ is entitled to give less weight to Dr. Bernardo's opinion because it is not supported by objective evidence or because it is inconsistent with other evidence in the record. *See Craig*, 76 F.3d at 590. Here, the ALJ gave both reasons for discounting the opinion of Plaintiff's treating physician. However, as the Report indicated, the first rationale is wrong. It is

3

unclear if the ALJ would have ruled differently given this information, or if he would use the second rationale alone for discounting the opinion of Plaintiff's treating physician. Therefore, the Acting Commissioner's decision must be reversed and remanded under sentence four of 42 U.S.C. § 405(g) for further consideration of Dr. Bernardo's opinion. Upon remand, if the ALJ decides to discount Dr. Bernardo's opinion solely because it is inconsistent with the opinion of other doctors, he must be more specific about the nature of these inconsistencies.

## B. Plaintiff's Credibility

Plaintiff also argues that the ALJ failed to properly assess his credibility, and the Report recommended that this analysis be reopened as well. While it appears there may have been some coloration of Plaintiff's testimony, it is not this court's responsibility to reweigh evidence or make credibility determinations. *See Craig*, 76 F.3d at 589. This court's sole purview is to decide whether or not the ALJ's decision was based on substantial evidence. *See id.* The ALJ's conclusion that Plaintiff's subjective reports of pain were not credible because they were inconsistent with a residual functional capacity assessment is supported by substantial evidence. In his analysis, the ALJ cited several reasons that supported his decision that Plaintiff was not credible. For example, there was no record that Plaintiff ever went to pain management sessions as recommended by Dr. Drye. [Dkt. No. 7-2 at 18-19]. Plaintiff complained that his pain medications made him drowsy, but there was no record of him ever making such complaints to any treating physician. *Id.* at 18. Plaintiff admitted that he could do household chores. *Id.* The ALJ performed an acceptable analysis of Plaintiff's credibility and it was based on substantial evidence. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994). Therefore, he is not required to reopen the credibility analysis upon remand.

## CONCLUSION

For the foregoing reasons, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation to **REVERSE** and **REMAND** the Acting Commissioner's decision for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 27, 2013
Greenville, SC